**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2951-23

KIM PASCARELLA,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

      Respondent-Respondent.

_____

Argued May 12, 2026 – Decided July 6, 2026

Before Judges Gilson and Perez Friscia.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. xx0171.

Kim Pascarella, appellant, argued the cause on his own behalf (Law Office of Donald F. Burke, attorneys; Donald F. Burke and Donald F. Burke, Jr., on the briefs).

Jeffrey D. Padgett, Deputy Attorney General, argued the cause for respondent (Jennifer Davenport, Attorney General, attorney; Sookie Bae-Park,

Assistant Attorney General, of counsel; Jeffrey D. Padgett, on the brief).

PER CURIAM

Kim Pascarella appeals from an April 22, 2024 final agency decision by the Board of Trustees, Public Employees' Retirement System (the Board), which determined he was not entitled to service credits from January 1, 2008 to February 1, 2016, for work he performed as a municipal prosecutor for the Borough of Seaside Heights (the Borough). We affirm because the Board's decision is consistent with the governing law, N.J.S.A. 43:15A-7.2(a) and (b), and the decision is not arbitrary, capricious, or unreasonable.

I.

The relevant facts were developed during a hearing before an administrative law judge (ALJ). Pascarella worked as a municipal prosecutor for the Borough from 1993 until January 31, 2016. On February 1, 2016, he became an assistant prosecutor with the Ocean County Prosecutor's Office. He retired from the prosecutor's office effective March 1, 2019.

Pascarella was first appointed as the Borough's prosecutor on January 1, 1993, for one year through a resolution passed by the mayor and Borough council. The Borough's prosecutor position was not a full-time position and throughout the time that Pascarella was the Borough's prosecutor he engaged

2

in other legal work through his own law firm. From 1994 through 2005, Pascarella was annually reappointed as Borough prosecutor. Beginning in 2006, and continuing through 2016, the Borough publicly advertised and solicited requests for qualifications (RFQ) for persons interested in being appointed as the Borough's prosecutor. During those years, Pascarella annually responded to the RFQs and each year he was selected and reappointed as the Borough's prosecutor. His compensation during that period varied from $51,000 to $60,000.

Effective January 1, 2008, the Legislature passed a law known as Chapter 92, which prohibited individuals who performed professional services for local government entities, including municipalities, from participating in the Public Employees' Retirement System (PERS). N.J.S.A. 43:15A-7.2. Chapter 92 applies to professionals who perform their work under a professional service contract or persons who are independent contractors as defined by regulations issued by the federal Internal Revenue Service (IRS). N.J.S.A. 43:15A-7.2(a), (b).

Pascarella was aware of the change in the law, and, at that time, he spoke with the Borough's mayor about the change. According to Pascarella, the mayor and Borough's attorney told him he could continue to serve as the

3

Borough's prosecutor as an employee. Therefore, from January 2008 through January 2016, Pascarella was paid bi-weekly by paychecks, and he received a W-2 for each year.

The Borough enrolled Pascarella in PERS in 1993. Throughout the time that he served as Borough prosecutor, the Borough made contributions to PERS deducting that amount from Pascarella's payments. Between 2008 and January 2016, the Borough contributed approximately $30,000 to Pascarella's PERS account.

In 2016, when Pascarella became an assistant prosecutor, the Division of Pensions and Benefits initially informed him that his PERS service credits from 1993 to 2016 would be recognized and he was enrolled under Tier one. Tier one means that the person was enrolled in the pension system prior to July 1, 2007, and has maintained their pension eligibility, without interruption since enrollment. Individuals enrolled on or after June 28, 2011, are considered Tier five members, and qualify for different benefits. Tier one employees qualify for higher pension payouts and lower monthly healthcare contributions than Tier five employees.

On August 11, 2017, however, Kirstin Conover, an investigator with the Pension Fraud & Abuse Unit of the Division, sent Pascarella a letter informing

A-2951-23

him that, in accordance with N.J.S.A. 43:15A-7.2(a) and (b), he was ineligible for PERS service credits for the period from January 1, 2008 and thereafter while he was the Borough's prosecutor. Pascarella was also informed that his contributions to PERS for that period would be refunded to him.

In 2019, Pascarella retired from the prosecutor's office effective March 1, 2019. He applied for a PERS retirement based on just over twenty-six years of service from January 1, 1993 to March 1, 2019.

On February 4, 2021, Conover sent Pascarella's attorney a letter providing further details as to why Pascarella was ineligible for PERS service credits beginning January 1, 2008, and while he served as the Borough prosecutor. Conover determined that Pascarella was ineligible under subsection (a) of N.J.S.A. 43:15A-7.2 because he had been appointed by resolution after the Borough had issued RFQs for the position of municipal prosecutor. Conover also applied the twenty-factor IRS test and concluded Pascarella was an independent contractor under subsection (b) of N.J.S.A. 43:15A-7.2.

Through legal counsel, Pascarella objected to Conover's determinations and sought review by the Board. On September 13, 2021, the Board considered Pascarella's objection, but found he was ineligible for PERS service

credits after December 31, 2007, and for the time that he served as the Borough's prosecutor thereafter. Relying on Conover's analysis, the Board concluded that Pascarella was ineligible under subsections (a) and (b) of N.J.S.A. 43:15A-7.2. The Board also determined that Pascarella was eligible for PERS service credits while he was an assistant prosecutor, but his eligibility was under Tier five rather than Tier one. Thus, Pascarella was given service credits for 1993 through 2007 and from February 2016 through February 2019, for a total of eighteen years.

Pascarella administratively appealed, and the matter was referred to the Office of Administrative Law for a contested hearing before an ALJ. A one-day hearing was conducted on December 14, 2022, during which the ALJ heard testimony from Pascarella, Michael McDermott, a certified public accountant called by Pascarella, John Camera, the business administrator for the Borough from 1995 through 2014, and Conover.

On November 6, 2023, the ALJ issued her initial decision affirming the Board's determination that Pascarella was ineligible for PERS service credits from December 31, 2007 to February 1, 2016, based on his service as a municipal prosecutor for the Borough. The ALJ made that determination based on both subsections (a) and (b) of N.J.S.A. 43:15A-7.2 .

Addressing subsection (a), the ALJ found that the Borough had retained Pascarella for professional services within the meaning of subsection (a). In that regard, the ALJ recognized that there was no "written contract" formally signed by Pascarella and the Borough but found that the Borough had hired Pascarella to perform professional services. The ALJ reasoned that the substance of the agreement between the municipality and its professional service provider controlled, rather than the form of the agreement.

Addressing subsection (b) of the statute, the ALJ considered the various witnesses' testimony concerning the twenty-factor IRS test. Relying on Conover's analysis, the ALJ concluded that most of the factors showed that Pascarella had been an independent contractor rather than an employee and, therefore, the statute made Pascarella ineligible for PERS service credits. In that regard, the ALJ stated:

> As for the relationship between the parties, [Pascarella] wanted to be considered as an employee after the law changed in 2007 because he wanted and expected a pension, and the Borough sought to accommodate him. [Pascarella] engaged in an independent profession and maintained his private law practice. He had other clients. He could offer his services to other municipalities. His appointment was for a year, unlike an employee, whose employment is continuing. I **FIND** that [Pascarella] was an independent contractor under section (b) of the statute.

7

Pascarella submitted no exceptions to the ALJ's initial determination, and on April 22, 2024, the Board issued its final administrative determination, adopting and affirming the ALJ's determinations without modification. Pascarella then filed this appeal from the Board's final decision.

Pascarella also moved to supplement the record with deposition testimony given by Barbara Risley. Risley had been the Borough's chief financial officer from 1992 until 2020, and Conover had obtained information from her when Conover prepared her analysis. We granted Pascarella's motion to supplement the record. Having now reviewed the supplemental information, we determine that it has no impact on the issues on this appeal.

## II.

On this appeal, Pascarella argues there was insufficient evidence to establish that he was an independent contractor as opposed to an employee during all the time that he served as the Borough's municipal prosecutor. In that regard, he contends "an agency decision must follow the law, and its conclusions must be based upon 'legally competent evidence' that provides 'assurances of reliability' so as to 'avoid the fact or appearance of arbitrariness.'" He also challenges the Board's determinations under both subsections (a) and (b) of N.J.S.A. 43:15A-7.2. Finally, he contends that

8

because PERS and the Borough treated him as a Borough employee from 1993 through January 2016, and took pension contributions from his salary, it would be unfair to now deny him eight years of his claimed twenty-six years of service credits.

III.

An appellate court's review of the denial of pension benefits is limited. Seago v. Bd. of Trs., Tchrs.' Pension & Annuity Fund, 257 N.J. 381, 391 (2024). Accordingly, we will not reverse an agency decision unless: (1) "it was arbitrary, capricious, or unreasonable; (2) it violated express or implied legislative policies; (3) it offended the State or Federal Constitution; or (4) the findings on which it was based were not supported by substantial, credible evidence in the record." In re Nicosia, 479 N.J. Super. 360, 371 (App. Div. 2024) (quoting Univ. Cottage Club of Princeton N.J. Corp. v. N.J. Dep't of Env't Prot., 191 N.J. 38, 48 (2007)).

"[A]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily [also] entitled to [] deference." Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001) (quoting In re Appeal by Progressive Cas. Ins. Co., 307 N.J. Super. 93, 102 (App. Div. 1997)). Nevertheless, we are not

bound by an agency's interpretation of statutes or legal issues. In re N.J.A.C. 7:1B-1.1 et. seq., 431 N.J. Super. 100, 114 (App. Div. 2013); A.B. v. Div. of Med. Assistance & Health Servs., 407 N.J. Super. 330, 339-40 (App. Div. 2009); see also In re P.T. Jibsail Fam. Ltd. P'ship Tidelands License No. 1515-06-0012.1 TDI 190001, 263 N.J. 208, 216-17 (2026) (recognizing that the scope of a court's review of an agency's interpretation of a statute can be debated).

IV.

The Public Employees' Retirement System Act (the Act), N.J.S.A. 43:15A-1 to -161, governs eligibility for pension benefits for public employees. In 2007, the Legislature significantly amended the Act to curb abuses of the pension system, and to ensure "those persons who are truly eligible for [] benefits" receive them. Cardinale v. Bd. of Trs., 458 N.J. Super. 260, 272 (App. Div. 2019) (quoting Francois v. Bd. of Trs., 415 N.J. Super. 335, 350 (App. Div. 2010)). The amendments grew out of studies concerning abuses of the public pension system. See The Report of the Benefits Review Task Force to Acting Governor Richard J. Codey 3 (2005); see also 2006 Special Session Joint Legis. Comm., Public Employees' Benefit Reform Final Report 1 (2006).

Chapter 92 was enacted in May 2007, and became effective January 1, 2008.  L. 2007, c. 92, § 20.  Chapter 92 created two relevant exceptions for public pension eligibility.  N.J.S.A. 43:15A-7.2.  Under subsection (a), a person who performs professional services under a contract is ineligible for membership in PERS.  In that regard, subsection (a) of the statute provides:

> A person who performs professional services for a political subdivision of the State . . . under a professional services contract awarded in accordance with [N.J.S.A. 40A:11-5] . . . on the basis of performance of the contract, shall not be eligible for membership in the [PERS].

> [N.J.S.A. 43:15A-7.2(a).]

Under subsection (b), individuals who perform professional services as independent contractors are also ineligible for service credits under PERS.  Subsection (b) states, in relevant part:

> A person who performs professional services for a political subdivision of this State . . . shall not be eligible, on the basis of performance of those professional services, for membership in the [PERS], if the person meets the definition of independent contractor as set forth in regulation or policy of the federal [IRS] for the purposes of the Internal Revenue Code.

> [N.J.S.A. 43:15A-7.2(b).]

A-2951-23

A. Subsection A.

Relying on the factual findings and legal conclusions made by the ALJ, the Board found that Pascarella was ineligible for PERS service credits after 2008 in accordance with subsection (a). The ALJ determined that Pascarella had effectively entered a service contract with the Borough because the Borough issued RFQs and the Borough annually reappointed Pascarella through a resolution. Those fact findings are amply supported by the record.

Pascarella argues that he was not hired under a professional service contract because there was no written agreement. He also contends that the Local Public Contract Law, N.J.S.A. 40A:11-1 to -60, would have required the contract to be made public and because no written contract was made public, subsection (a) does not apply to him.

We reject this argument because Pascarella's work as the municipal prosecutor for the Borough is the exact type of position the Legislature intended to exclude from PERS in enacting Chapter 92. The ALJ noted that after the law changed, Pascarella and the Borough agreed that it would be mutually beneficial for Pascarella to be considered an employee. That self-serving arrangement is inconsistent with the mandates of Chapter 92. Accordingly, we discern no error of law or abuse of discretion in the Board's

12

determination that the absence of a written contract did not mean that Pascarella was not providing professional services under Chapter 92. In short, because Pascarella was appointed annually through the RFQ process from 2008 to 2016, he was ineligible for PERS service credits under subsection (a) of N.J.S.A. 43:15A-7.2.

B.  Subsection B.

Under subsection (b), the test for whether an individual who provides professional services is an independent contractor or an employee is based on the IRS twenty-factor test. See Rev. Rul. 87-41, 1987-1 C.B. 296; Francois, 415 N.J. Super. at 351. Those factors are (1) instructions; (2) training; (3) integration; (4) services rendered personally; (5) hiring, supervising, and paying assistants; (6) continuing relationship; (7) set hours of work; (8) full time required; (9) doing work on employer's premises; (10) order or sequence set; (11) oral or written reports; (12) payment by hour, week, month; (13) payment of business and travel expenses; (14) furnishing of tools and materials; (15) significant investment; (16) realization of profit or loss; (17) working for more than one entity at a time; (18) making service available to the general public; (19) right to discharge; and (20) right to terminate. Rev. Rul. 87-41.

The ALJ considered each of the IRS test's twenty factors. In that regard, the ALJ heard and evaluated the testimony from Conover, Pascarella, McDermott, and Camera. The ALJ considered how each of those witnesses evaluated the factors as applied to Pascarella's service as municipal prosecutor but ultimately found that Conover's testimony and analysis was the most persuasive. The ALJ then independently evaluated the factors and found that "[t]aking all the factors into consideration, including the analysis of Conover," Pascarella had been an independent contractor "under the application of the IRS ABC test and the twenty factors utilized to make that determination." The Board thereafter adopted those factual findings and the legal conclusion that Pascarella was ineligible for PERS service credits after 2007, and during the time that he continued to serve as a municipal prosecutor.

The Board's factual findings are amply supported by the record. We reject Pascarella's contention that Conover's testimony was unreliable because it relied on a checklist and because she received information from Risley, who later testified that she had never supervised Pascarella but had pulled together information for Conover based on the Borough's records.

We also discern no error of law in the Board's conclusion that Pascarella was ineligible for PERS service credits under subsection (b) of N.J.S.A.

A-2951-23

43:15A-7.2. In short, Pascarella's relationship with the Borough was like the vast majority of other lawyers in New Jersey who offer services to municipalities as independent contractors and not employees.

C.    Pascarella's Equitable Argument.

Finally, Pascarella contends that it would be unfair and inequitable to deny him service credits when, in and after 2008, he relied on his understanding that he was a Borough employee entitled to PERS service credits when he continued to be the Borough's prosecutor. "[T]o establish equitable estoppel, plaintiffs must show that defendant engaged in conduct, either intentionally or under circumstances that induced reliance, and that plaintiffs acted or changed their position to their detriment." Knorr v. Smeal, 178 N.J. 169, 178 (2003) (citing Miller v. Miller, 97 N.J. 154, 163 (1984)). The doctrine of equitable estoppel is "rarely invoked against a governmental entity." Meyers v. State Health Benefits Comm'n, 256 N.J. 94, 100 (2023) (quoting Middletown Twp. Policemen's Benevolent Ass'n Local No. 124 v. Township of Middletown, 162 N.J. 361, 367 (2000)).

The short and simple rebuttal to Pascarella's equitable argument is the findings made by the ALJ and adopted by the Board. Pascarella knew of the change of the law in 2007, and he and the Borough's mayor decided to try to

15

treat him as an employee so he could continue to get PERS service credits. Therefore, Pascarella has shown no detrimental reliance. Instead, whether consciously or without detailed analysis, Pascarella was trying to avoid the application of Chapter 92. Moreover, Pascarella has shown no misleading conduct by the Board or the Division. To the extent the Division accorded PERS credits to Pascarella in 2016, it did so on representations made by Pascarella. The Division, through Conover, also shortly thereafter investigated the credits and clarified its position that Pascarella was not entitled to credits while serving as municipal prosecutor for the Borough between 2008 and into 2016. Accordingly, we discern no basis to apply the doctrine of equitable estoppel in this situation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division